UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM SCOTT MCKENNA,

    Plaintiff,

v.	Case No. 3:15cv335/MCR/CJK

BARACK OBAMA and JACOB LEW,

    Defendants.

_____/

REPORT AND RECOMMENDATION

    This matter is before the court on the *pro se* plaintiff's Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting, also styled as a Bill in Equity (doc. 7).  The undersigned has some degree of practice in interpreting pleadings filed by *pro se* litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers.  Accordingly, the undersigned and his staff make every effort to review and understand the pleadings of *pro se* litigants.  Nevertheless, the present petition can only be liberally

characterized as gibberish.  The undersigned thus recommends it be dismissed as frivolous.

Plaintiff names two defendants in this action – Barrack Obama, Trustee, Commander in Chief, United States of America, and Jacob Lew, Trustee, Secretary of the Treasury, United States of America.  The petition purports to be an action in equity through which plaintiff seeks to establish a trust created in his favor by virtue of his birth in this country, have an accounting, and "[u]se the trust funds to extinguish the debts of" a state court case "and arrange for the release of the collateral, i.e., the body of the Complainant, from government warehousing."  Plaintiff further seeks "protection including, but not limited to, identification documents pertaining to trade, transportation and communication, as well as documents pertaining to domestic and foreign travel as well as personal security," along with "a monthly trust allowance."  And he wants to be "listed in all government databases as 'Private Citizen, do not detain.'"

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v.*

*Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal quotations omitted). Although plaintiff's petition is saturated with legal terms, it is clear plaintiff has failed to plead anything close to approaching an actionable claim. Both the terms used and the documents referenced are nonsensical and certainly do not describe any sort of viable cause of action.

From the undersigned's experience, plaintiff's filings may be associated with what is known as the sovereign citizen movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings"). Civil actions similar to plaintiff's have been dismissed as without merit and frivolous. *See*

Page 4 of 6

*e.g.*, *Paul v. New York*, No. 13-CV-5047(SJF)(AKT), 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 WL 1281776 *1 n. 3 (N.D. Ala. March 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."); *Bryant v. Washington Mutual Bank*, No. 6:07cv00015, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen"); *see also Neitzke v. William*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). These matters aside, both defendants are entitled to absolute immunity. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in plaintiff's complaint cannot be cured by

amendment. Moreover, further processing of what might be loosely described as plaintiff's claims, would result in waste of scarce pubic resources and would only serve as an incentive to further abuses. The undersigned thus finds plaintiff's complaint should be dismissed without prejudice. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous lawsuits without giving notice to the parties.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED without prejudice as frivolous.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 19th day of August, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.